FILED

2016 Feb-02  PM 01:27
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | |
|---|---|
| **CARLOS ZATARAIN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Case No.: 4:15-CV-1148-VEH** |
| | ) |
| **ACCEPTANCE INDEMNITY** | ) |
| **INSURANCE COMPANY, a foreign** | ) |
| **corporation,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER

About seven years ago,[1] Carlos Zatarain ("Carlos"), a Texan, came to
Alabama with his truck, but he did not leave with it. This is because David Smith,
employed by Rickey and Sheila Brown ("Rickey and Sheila"), drove the truck to
Rickey and Sheila's "Truck Farm Salvage" in Rainsville, Alabama without
Carlos's permission, where it sat until Rickey and Sheila sold the truck to Dana
Davis for $15,000.

Like Texas, one should not mess with Carlos. He filed suit against Rickey,
Sheila, and Dana Davis, asserting a salmagundi of claims under Alabama law. In

---

[1] The predecessor case was *Zatarain v. Brown et al.*, No. 4:11-CV-03508-KOB (N.D.
Ala. Sept. 29, 2011). According to the complaint there, David Smith took the truck in May 2009.

total, Carlos sought one million dollars as recompense. From 2011, when the complaint was filed, until June 2015, Carlos and his attorneys endured threats from Rickey and Sheila, numerous cancelled and/or skipped hearings, and multiple attempts to "settle" the case before a final judgment ultimately was entered against Rickey and Sheila in the amount of $156,841.50.

During one of the settlement discussions, Rickey and Sheila offered to assign Carlos the rights and benefits of an insurance policy they purchased for Truck Farm Salvage, as its proprietors. Carlos accepted their offer, and Rickey and Sheila contacted the insurance company, requesting that the company pay off Carlos's judgment. The company declined, and—still not one to be messed with—Carlos filed this action against Acceptance Insurance Company, alleging breach of contract, negligence, and bad faith. (*See* Doc. 1).

Acceptance Indemnity Insurance Company ("AIIC"), upon being served with Carlos's complaint, moved to dismiss it under Rule 12(b)(6). AIIC offered five grounds for dismissal: 1) that Acceptance Insurance Company, the named defendant, did not issue the policy;[2] 2) that the policy did not insure the parties to the judgment; 3) that the assignment was ineffective to transfer rights in the

---

[2] Carlos amended the complaint after AIID filed its motion, mooting this ground for dismissal. (*See* doc. 18.).

2

property; 4) that personal and tort claims cannot be assigned under Alabama law; and 5) that the proper claim for relief is one against AIIC for garnishment of the policy under ALA. CODE § 27-23-2. The court is persuaded that the assignment to Carlos was ineffective, so the action will be **DISMISSED**.

I.   <u>Standard</u>

Generally, the Federal Rules of Civil Procedure require only that the complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, to survive a motion to dismiss brought under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly (Twombly)*, 550 U.S. 544, 570 (2007).

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal (Iqbal)*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). That is, the complaint must include enough facts "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation and footnote omitted). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels or conclusions" or "naked assertion[s]" without supporting factual allegations. *Id.* at 555, 557 (citation omitted).

3

Once a claim has been stated adequately, however, "it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 563 (citation omitted). Further, when ruling on a motion to dismiss, a court must "take the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008) (citing *Glover v. Liggett Group, Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006)).

## II.   <u>Discussion</u>

### A.   <u>Breach of Contract</u>

In Alabama, an insurance "policy may be assignable or not assignable, as provided by its terms." ALA. CODE. §27-14-21. The policy insuring Rickey and Sheila's business  provided that the "rights and duties under this policy may not be transferred without [AIIC's] written consent except in the case of death of an individual named insured." (Doc. 8-4 at 9). Because the policy requires AIIC's consent to assign it, and Carlos did not plead AIIC's consent, AIIC reasons Carlos cannot sue.

Carlos responds that AIIC is improperly using its motion to dismiss as a motion for summary judgment because AIIC has attached the policy to its motion as an exhibit. Further, the policy—the one on which Carlos premises this lawsuit—is not

within Carlos's possession,[3] so Carlos asks the court to deny the motion so the case may proceed to discovery. The court declines to do so.

"[A] document attached to a motion to dismiss may be considered by the court without converting the motion into one for summary judgment only if the attached document is: (1) central to the plaintiff's claim; and (2) undisputed." *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002). A document is "undisputed" if its authenticity is not challenged. *Id.* Since the policy forms the entire basis for Carlos's breach of contract count, it is central to his claim. *Cf. Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) (permitting the district court to consider form contracts in motion to dismiss complaint under § 1 of the Sherman Act). Here, the policy contains a notarized statement that it is, in fact, a true and correct copy, and Carlos does not dispute its authenticity. Thus, both requirements are satisfied, and the court may consider the policy.

Because the policy prohibits assignment without AIIC's consent, and because neither Carlos nor AIIC allege AIIC's consent, the assignment is null and void. The contract claim must be **DISMISSED**.

---

[3] To the extent Carlos's response can be construed as a motion to request that this court defer consideration of this motion pursuant to Rule 56(d), the court declines to wait. Among other reasons, the policy became available to Carlos once AIIC filed its motion to dismiss.

B.    <u>Tort Claims</u>

Certain torts, such as bad faith, are personal and may not be assigned in Alabama. *Cash v. State Farm Fire & Cas. Co.*, 125 F. Supp. 2d 474, 477 (M.D. Ala. 2000). There is no right to recover under Alabama law for negligent claim handling. *Kervin v. So. Guar. Ins. Co.*, 667 So.2d 704, 706 (Ala. 1995). Carlos does not appear to dispute this. (*See* doc. 14 at 4). Counts two and three of the complaint are **DISMISSED** as well.[4]

## III.    <u>Conclusion</u>

It is usually not a good idea to sue for breach of contract without first examining the document, all the more when the assignment came from two people with whom you spent four years in federal litigation over a $15,000 truck.  The motion to dismiss is **GRANTED**. The action is **DISMISSED WITH PREJUDICE.**

**DONE** and **ORDERED** this 2nd day of February, 2016.

**VIRGINIA EMERSON HOPKINS**
United States District Judge

---

[4] Carlos offers a few citations to Alabama cases discussing the favored status of the right to assign contracts. But the issue is not whether <u>Alabama</u> permits the practice; it is whether <u>this contract</u> permits it. The answer to that question is no—at least not without AIIC's consent.

6